STOKES MILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20298.  Promulgated June 28, 1928.

*F. E. Hawley* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

LITTLETON: This proceeding was instituted by the filing of the petition on September 30, 1926, to which the Commissioner, on November 6, duly filed his answer. The petitioner did not attach to its petition a complete copy of the Commissioner's 60-day notice, mailed August 2, 1926, so the Board is without the details of the Commissioner's computation resulting in a deficiency of $2,620.56 for the fiscal year ending July 31, 1920.

The petitioner assigns as error that the Commissioner refused to allow as a deduction from gross income, depreciation computed on the actual value of assets as of date of acquisition and has instead made an arbitrary segregation of value between land and buildings and other equipment, allocating to buildings, machinery and equip-

ment, furniture and fixtures, as well as real estate, a valuation that has no bearing on the cost price of same, either at the date of acquisition by petitioner or as of the period covered by the deficiency in tax; that the Commissioner erred in refusing to include as invested capital the excess value of tangible assets paid into the corporation, over and above the par value of the capital stock issued therefor in 1916; that the Commissioner erred in failing to find that there were abnormalities affecting petitioner's capital and income and in failing to find that a comparison of the petitioner with representative corporations worked upon it an exceptional hardship as evidenced by gross disproportion between the tax computed without the benefit of section 327, and the tax computed by reference to representative corporations specified in section 328, and in refusing to compute its profits tax under the provisions of section 328.

In his answer the Commissioner denied that he had committed error in his determination, denied the material allegations of the petition; and, in paragraph eight, set forth that "the net income of the petitioner for the fiscal year ended July 31, 1920, is $19,504.06, invested capital $145,873.27 and excess profits tax only $966.84, which in no sense evidences an exceptional hardship or gross disproportion, constituting an abnormality within the meaning of section 327(d) of the Revenue Act of 1918."

In due course, upon application of the petitioner, this proceeding was, on December 3, 1926, ordered placed upon the circuit calendar for hearing at St. Paul, Minn., May 8, 1928, the proceeding was placed upon the day calendar for hearing at St. Paul, Minn., on June 27, 1928, and notice of such hearing was mailed to the petitioner on that date.

Upon motion of the Commissioner, filed May 14, 1928, the Board, by order, granted the Commissioner's request that the hearing in this proceeding in the first instance be limited to the issues not involving special assessment and to the issue whether there were such abnormalities as to warrant a comparison of the petitioner with other corporations to determine whether there exists exceptional hardship justifying the computation of the profits tax by reference to corporations specified in section 328 of the Revenue Act of 1918.

June 19, eight days before the date on which the proceeding was scheduled to be called for hearing at St. Paul, the petitioner filed with the Board an application for subpœna directed to the Commissioner of Internal Revenue, or such person as he may designate, for his appearance before the Board at St. Paul, Minn., at 9.30 a. m., June 27, 1928, and that he be required to bring with him the tax returns of the corporations considered by him in connection with

his denial of petitioner's application under the provisions of section 327 for assessment of its profits tax for the taxable year under section 328 of the Revenue Act of 1918, and that he also be required to bring with him the tax returns filed for the calendar year 1920 or, in the case of fiscal year filing, the returns filed for the fiscal year ending in the calendar year 1920, of eight corporations mentioned in the application. See *Hamilton Web Co.*, 10 B. T. A. 939; *F. Kieser & Son Co.*, 10 B. T. A. 802. The application for subpœna *duces tecum* should be denied, insofar as it requests the production of the returns of the eight corporations mentioned, for lack of a sufficient statement of facts and circumstances showing the relevancy and necessity of the returns of these corporations in connection with the determination of the issues involved in this proceeding, but under the statute, and Rule 62 of the Board's Rules of Practice, it appears that there are additional reasons why the application in its entirety should be denied at this time.

The issue relative to special assessment raised in this proceeding falls under the provisions of section 327(d) of the Revenue Act of 1918, which provides:

Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived on a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

Under the provisions of this section, a taxpayer is not entitled to have its profits tax computed by reference to representative corporations specified in section 328 until the taxpayer has established by competent evidence that there exist abnormal conditions affecting its capital or income for the taxable year involved. What may constitute an abnormality depends upon the peculiar facts and circumstances in connection with and surrounding the particular taxpayer's business during the taxable years involved, all of which the taxpayer, under the statute, is required to prove. See section 1000 of the Revenue Act of 1926, amending section 907(a) of the Revenue Act of 1924, and Rule 30 of the Board's Rules of Practice. The abnormal conditions referred to in the statute relate directly to the

taxpayer's income or capital and not to what the income or capital of another corporation may be, or to the conditions surrounding the business of other corporations. Until the taxpayer has established that there are abnormal conditions affecting its capital or income, there is no necessity for the production by the Commissioner, or the introduction of any evidence of hardship or gross disproportion of the tax computed without the benefit of section 327 and the tax computed by reference to representative corporations, because under the statute, such hardship and gross disproportion must be "owing to abnormal conditions affecting the capital or income of the [particular taxpayer] corporation." Therefore, in proceedings before the Board where the hearing has been limited to the introduction of evidence relating to issues not involving the special assessment and/or to the issues whether the petitioner is entitled by reason of abnormal conditions affecting capital or income to a comparison with other corporations, there is no necessity for the introduction of proof by the taxpayer to show exceptional hardship, because if the taxpayer does not establish that there are abnormal conditions affecting its captial or income, any comparison with other corporations is unnecessary.

When the hearing has been limited, as in this proceeding, to the issue whether there are abnormalities in capital or income, the taxpayer is only required in the first instance, to establish such abnormalities. If the Board, upon consideration of such evidence, concludes that there are no abnormal conditions affecting capital or income, this will end the case. If on the other hand the Board finds that there are abnormal conditions affecting petitioner's capital or income in the taxable year, it will direct the Commissioner to compare the taxpayer with representative corporations specified in section 328, and make a determination whether there would be worked upon the taxpayer an exceptional hardship evidenced by gross disproportion between the profits tax computed without the benefit of section 327 and the tax computed by reference to such representative corporations. If the Commissioner determines after making such comparison that no exceptional hardship, evidenced by such gross disproportion, results, he will file his computation showing such determination, with the Board. If he finds that, owing to the abnormal conditions found by the Board, the computation of the tax without the benefit of the special assessment provisions results in exceptional hardship as evidenced by gross disproportion between the tax so computed and the tax computed as specified in section 328, he will compute the profits tax as required by section 328 and file such computation with the Board. When this has been done, the petitioner may, under the pro-

916

visions of subdivisions (b) and (c) of Rule 62 of the Board's Rules of Practice, proceed further, and if the Commissioner finds no hardship, the petitioner may, by proper application, obtain a subpœna directed to the Commissioner for the production of the returns of the corporations selected and used by him in arriving at such conclusion, together with such other returns or documents as may be shown by said application to be relevant and necessary to establish that the computation of the profits tax without the benefit of the special assessment provisions would work upon the taxpayer exceptional hardship. If the Commissioner finds that a computation of the tax without the benefit of the special assessment provisions, works upon the taxpayer an exceptional hardship, evidenced by gross disproportion of the tax so computed and the tax computed by reference to representative corporations, as a result of such abnormal conditions found by the Board, the petitioner may, by proper subpœna, require the Commissioner to produce at the later hearing the comparatives selected in arriving at the profits tax shown by his computation, and such other returns and documents as may be shown to be relevant and necessary to a proper determination of the rate of profits tax to be paid by the petitioner for the taxable year involved.

For these reasons, petitioner's application for subpœna *duces tecum* is at this time denied.